UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 29, 2015

LETTER TO COUNSEL

    RE:    *Stanford Isaac Payne, III v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-1015

Dear Counsel:

On April 2, 2014, Plaintiff Stanford Isaac Payne, III petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Mr. Payne filed his claim on January 7, 2011, alleging a disability onset date of June 15, 2000. (Tr. 137-45). His claim was denied initially and on reconsideration. (Tr. 68-71, 80-81). An Administrative Law Judge ("ALJ") held a hearing on January 14, 2013. (Tr. 28-51). Following the hearing, the ALJ determined that Mr. Payne was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-27). The Appeals Council denied Mr. Payne's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Payne suffered from the severe impairments of recurrent kidney stones/nephrolithiasis. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Payne retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except that due to his physical impairment and related symptomatology, he is limited to work requiring no more than frequent balancing, no more than occasional climbing of ramps/stairs, stooping, kneeling, crouching, and crawling, and no climbing of ladders, ropes, or scaffolds.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Payne could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 21-22).

*Stanford Isaac Payne, III v. Commissioner, Social Security Administration*
Civil No. SAG-14-1015
January 29, 2015
Page 2

I find that the ALJ's analysis was deficient because it did not discuss the issue of Mr. Payne's anticipated absenteeism, which is evident from the record. The ALJ quite correctly notes that "the medical evidence of record reflects no level of physical limitation whatsoever during periods when the claimant does not have active kidney stones," and reports that Mr. Payne's physical examinations, even during flare-ups, do not reflect issues with strength, sensation, or reflexes. (Tr. 19). However, Mr. Payne's exacerbations of his kidney stones are quite frequent, and have been for several years despite ongoing medical attention. The VE testified at the hearing that the limit for absenteeism, in the unskilled jobs proposed to the ALJ, would be "[m]issing no more than one day per month." (Tr. 50). The records show that, in 2011, Mr. Payne sought medical attention on at least seventeen different occasions for kidney stones or related issues, including one multi-day hospitalization. In 2012, Mr. Payne sought medical attention for the same symptoms on at least eighteen different occasions, including three surgical procedures. Many of these appointments were emergency room visits in which Mr. Payne reported serious symptoms that had been ongoing for two to three days, or surgeries which likely required some period of post-surgical recovery. Moreover, many of Mr. Payne's complaints were corroborated by objective testing demonstrating that he in fact suffered from kidney stones. Thus, it is unclear from the record how Mr. Payne would be able to sustain employment, without having excessive absenteeism that would likely result in his termination. *See* SSR 96-9p, 1996 WL 374185, at *2 (July 2, 1996) ("RFC is the individual's maximum remaining ability to perform sustained work on a regular and continuing basis; i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule."). The ALJ's opinion does not address, in any way, the frequency with which Mr. Payne suffered from kidney stones, or the extent to which he would miss time from work when he experienced flare-ups, either due to the pain from the attack or due to his pursuit of medical care. Accordingly, the case will be remanded to permit the ALJ to fulfill her duty of explanation. In so remanding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Payne was not entitled to benefits is correct or incorrect.

For the reasons set forth herein, Mr. Payne's Motion for Summary Judgment (ECF No. 12) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. The ALJ's opinion is VACATED and the case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge